******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IN RE G. Q. ET AL.*
(AC 37701)

Lavine, Sheldon and Prescott, Js.

*Argued May 26—officially released June 4, 2015***

(Appeal from Superior Court, judicial district of Windham, Juvenile Matters at Willimantic, Hon. Francis J. Foley III, judge trial referee.)

*David J. Reich*, for the appellant (respondent mother).

*John E. Tucker*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Karen Oliver Damboise*, for the minor children.

*Opinion*

PER CURIAM. The respondent mother, A. Q., appeals from the judgments of the trial court rendered in favor of the petitioner, the Commissioner of Children and Families, terminating her parental rights with respect to her two special needs children, G. Q. and P. Q.[1] On appeal, the respondent claims that the court improperly found that she had failed to rehabilitate within the meaning of General Statutes § 17a-112 (j) (3) (B) (i). We affirm the judgments of the trial court.[2]

"Failure of a parent to achieve sufficient personal rehabilitation is one of six statutory grounds on which a court may terminate parental rights pursuant to § 17a-112. [See General Statutes § 17a-112 (j) (3) (B) (i).] That ground exists when a parent of a child whom the court has found to be neglected fails to achieve such a degree of rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, the parent could assume a responsible position in the life of that child.

"Personal rehabilitation as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent. . . . [Section 17a-112] requires the trial court to analyze the [parent's] rehabilitative status as it relates to the needs of the particular child, and further, that such rehabilitation must be foreseeable within a reasonable time. . . . [The statute] requires the court to find, by clear and convincing evidence, that the level of rehabilitation [the parent] has achieved, if any, falls short of that which would reasonably encourage a belief that at some future date [he or she] can assume a responsible position in [his or her] child's life. . . . [I]n assessing rehabilitation, the critical issue is not whether the parent has improved [his or her] ability to manage [his or her] own life, but rather whether [the parent] has gained the ability to care for the particular needs of the child at issue. . . . A court's determination that the evidence is clear and convincing that the parent has not rehabilitated herself will be disturbed only if that finding is not supported by the evidence and [is], in light of the evidence in the whole record, clearly erroneous." (Citations omitted; internal quotation marks omitted.) *In re Sheila J.*, 62 Conn. App. 470, 479–80, 771 A.2d 244 (2001).

In the present appeal, the respondent challenges the subordinate factual findings of the trial court underlying its determination that the respondent failed to rehabilitate. We have reviewed those findings and conclude that they are not clearly erroneous. The factual findings of the court, taken together, were sufficient to constitute clear and convincing proof that the respondent had failed to rehabilitate. It is important to emphasize the undisputed fact that the respondent's two children,

each of whom was diagnosed with autism spectrum disorder, need consistency and structure in their lives as well as medical and educational support services. Whether the respondent has achieved the necessary level of rehabilitation can be evaluated properly only in light of the specific needs of these children. Our review of the record reveals that the court correctly did so in the present case. Because of the need to establish permanency for these children, we find it unnecessary to review the respondent's claim at any further length.

The judgments are affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** June 4, 2015, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The court also terminated the parental rights of the children's father, K. Q.; however, he did not appeal from the court's decision. Accordingly, we refer to A. Q. as the respondent.

[2] The respondent also claims that, if we agree that the court's failure to rehabilitate finding was clearly erroneous and reverse the judgments terminating her parental rights, we should also reverse the court's decision to approve the permanency plan of termination of parental rights. Because we affirm the court's judgments, we do not address this additional claim.